UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:16-cv-04870-CAS(JCx) | Date | December 6, 2016 |
|---|---|---|---|
| Title | KEVIN A. FULTON v. BANK OF AMERICA N.A. ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

Not Present     Not Present

**Proceedings:**     (IN CHAMBERS) - PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT BANK OF AMERICA, N.A. (Dkt. 14, filed October 12, 2016)

## I. INTRODUCTION

On July 7, 2016 plaintiff Kevin A. Fulton, proceeding *pro se*, filed the instant action against defendants Bank of America, N.A. ("BANA"), as successor in interest to America's Wholesale Lender, and Does 1–10 inclusive. Dkt. 1 ("Compl."). Plaintiff raises four claims: (1) declaratory relief, seeking a declaration that BANA does not have any rights or interest in plaintiff's Note or Deed of Trust, or the property which authorized them; (2) the cancellation of the Deed of Trust, which plaintiff alleges is void for fraud in the execution; (3) failure to comply with plaintiff's notice to rescind in violation of 15 U.S.C. § 1601 et seq.; and (4) quiet title relating to violations of the Truth in Lending Act ("TILA"). Id.

On August 11, 2016, plaintiff requested an entry of default against BANA. Dkt. 10. On July 18, 2016, the Clerk entered a default pursuant to Federal Rule of Civil Procedure 55(a). Dkt. 13. On August 25, 2016, plaintiff filed the instant motion for default judgment against BANA, dkt. 14, along with a request for judicial notice, dkt. 16.[1]

---

[1] The Court **GRANTS** plaintiff's request for judicial notice of the Deed of Trust because the document is in the public record and its existence is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Indeed, courts routinely take judicial notice of this type of document. See, e.g., Liebelt v. Quality Loan Serv. Corp., No. 5:09-cv-05867-LHK, 2011 WL 741056, at *6 n.2 (N.D. Cal. Feb. 24, 2011); Reynolds v. Applegate, No.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-04870-CAS(JCx) | Date | December 6, 2016 |
| Title | KEVIN A. FULTON v. BANK OF AMERICA N.A. ET AL. | | |

## II. BACKGROUND

Plaintiff alleges the following in his complaint.

On January 2, 2007, plaintiff obtained a loan from America's Wholesale Lender ("AWL") in the amount of $551,200, secured by a Deed of Trust that was recorded on January 8, 2007 against the real property, plaintiff's "single family residence," located at 5922 Premiere Avenue, Lakewood, CA 90712 ("Subject Property"). Compl. at 8; dkt. 16 ("Deed of Trust"). Plaintiff executed a Promissory Note as part of the loan transaction. Compl. at 8. Id. Plaintiff alleges that Countrywide Financials' Countrywide Home Loans, Inc. ("Countrywide") was doing business in California as AWL. Id. Plaintiff avers, however, that AWL was never registered to do business in California. Id.

On July 1, 2008, Bank of America Corporation purchased Countrywide Financial Corporation, including Countrywide Bank, N.A. Id. at 9. As a result, BANA became successor in interest to Countrywide. Id.

Plaintiff alleges that BANA, as successor to the original lender, attempted to sell plaintiff's debt obligation to Alternative Loan Trust 2007-1T1. Id. at 7. According to plaintiff, the 2007-1T1 Trust was dissolved as a result of mortgage insurance payouts to The Bank of New York, the trustee of the 2007-1T1 Trust, and the certificate-holders. Id. Plaintiff contends that, as a result of these mortgage insurance payouts, the Bank of New York Mellon ("BNYM") and AWL have been paid in full on plaintiff's debt obligation. Id.

On May 4, 2011, an Assignment of Deed of Trust was allegedly executed and subsequently recorded on May 9, 2011; the Assignment allegedly assigned all beneficial interest in the Deed of Trust to BNYM. Id. at 11. Plaintiff contends that this assignment is void. Id.

Plaintiff avers that AWL did *not* successfully sell plaintiff's Note and Deed of Trust to the 2007-1T1 Trust. Id. at 9. In addition, plaintiff contends that BANA cannot prove that plaintiff's Note and Deed of Trust were endorsed or transferred to BNYM. Id.

---

3:10-cv-04427-CRB, 2011 WL 560757, at *1 n.2 (N.D. Cal. Feb. 14, 2011); Giordano v. Wachovia Mortg., No. 5:10-cv-04661-JF, 2010 WL 5148428, at *1 n.2 (N.D. Cal. Dec. 14, 2011).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**       'O'

| Case No. | 2:16-cv-04870-CAS(JCx) | Date | December 6, 2016 |
|---|---|---|---|
| Title | KEVIN A. FULTON v. BANK OF AMERICA N.A. ET AL. | | |

at 10. Plaintiff appears to reach this conclusion because the parties involved in the securitization of his mortgage did not adhere to the applicable Pooling and Servicing Agreement ("PSA"). The PSA required that plaintiff's Note and Deed of Trust be properly endorsed, transferred, accepted, and deposited with the 2007-1T1 Trust (or its custodian) on or about January 30, 2007, the "closing date" indicated on the prospectus, or 90 days thereafter. Id. Pursuant to plaintiff's review of the chain of title of the Subject Property in the official records of the Orange County Recorder, there are no valid assignments of the Deed of Trust from original lender AWL to BANA, the 2007-1T1 Trust, or BNYM on or about January 30, 2007, or 90 days thereafter. Id. at 11. Plaintiff alleges that the failure to securitize his Note and Deed of Trust makes it impossible for BANA, the 2007-1T1 Trust, or BNYM to assert that it has assigned, transferred or granted plaintiff's Note and Deed of Trust, or any interest therein, in any manner whatsoever. Id. at 10–11. In addition, plaintiff avers that this failure resulted in an unperfected lien that defendants cannot enforce in a manner whatsoever. Id. at 11.

     Plaintiff alleges that he never received a notice informing him of BNYM's beneficial ownership of plaintiff's debt obligation, which is required by Section 404 of the Helping Families Save Their Homes Act of 2009. Id. at 12–13. As a result, on April 1, 2014, plaintiff rescinded the Note and Deed of Trust by mailing a Notice of Rescission to his servicer, Shellpoint Mortgage Servicing. Id. at 13. Plaintiff asserts that his creditors have failed to challenge the Notice of Rescission within the twenty days mandated under TILA. Id. at 14. Therefore, plaintiff argues that BANA and any other entity cannot obtain any right or interest to enforce a contract that was made void after April 1, 2014. Id.

     On the basis of these alleged facts, plaintiff first seeks a declaration from the Court stating that BANA, as successor to the original lender, its successors and/or assigns, does not have any rights or interest in plaintiff's Note and Deed of Trust, or the Subject Property which authorized them. Id. In his second claim, plaintiff alleges that the Deed of Trust is void for fraud in the execution because AWL was not authorized to conduct business in California and BANA misrepresented that it acquired plaintiff's loan. Id. at 24. In his third claim, plaintiff asserts that defendants failed to comply with the TILA because they did not file a declaratory judgment action within twenty days of plaintiff's Notice to Rescind, thereby forfeiting their rights to make a claim for the money loaned to plaintiff. Id. at 25–26. Finally, plaintiff seeks to quiet title to the Subject Property as of April 1, 2014, the date the Notice of Rescission was mailed. Id. at 27.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-04870-CAS(JCx) | Date | December 6, 2016 |
| Title | KEVIN A. FULTON v. BANK OF AMERICA N.A. ET AL. | | |

## III.   LEGAL STANDARDS

Pursuant to Federal Rule of Civil Procedure 55, when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and the plaintiff does not seek a sum certain, the plaintiff must apply to the court for a default judgment. Fed. R. Civ. P. 55.

As a general rule, cases should be decided on the merits as opposed to by default, and, therefore, "any doubts as to the propriety of a default are usually resolved against the party seeking a default judgment." Judge William W. Schwarzer et al., California Practice Guide: Federal Civil Procedure Before Trial ¶ 6:11(The Rutter Group 2015) (citing Pena v. Seguros La Comercial, S.A., 770 F.2d 811, 814 (9th Cir. 1985)). Granting or denying a motion for default judgment is a matter within the court's discretion. Elektra Entertainment Group, Inc. v. Bryant, 2004 WL 783123, *1 (C.D. Cal. Feb. 13, 2004); see also Sony Music Entertainment, Inc. v. Elias, 2004 WL 141959, *3 (C.D. Cal. Jan. 20, 2004).

The Ninth Circuit has directed that courts consider the following factors in deciding whether to enter default judgment: (1) the possibility of prejudice to plaintiff; (2) the merits of plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning the material facts; (6) whether defendant's default was the product of excusable neglect; and (7) the strong policy favoring decisions on the merits. See Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986); see also Elektra Entertainment Group, 2004 WL 783123 at *1–2.

## IV.   DISCUSSION

### A.   Possibility of Prejudice to Plaintiff

The first Eitel factor considers whether a plaintiff will suffer prejudice if a default judgment is not entered. PepsiCo, Inc. v. California Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002); see also Eitel, 782 F.2d at 1471–72. Courts have concluded that a plaintiff is prejudiced if the plaintiff would be "without other recourse for recovery" because the defendant failed to appear or defend against the suit. Pepsi, 238 F. Supp. 2d at 1177; see also Philip Morris USA, Inc. v. Castworld Products, Inc., 219 F.R.D. 494, 499 (C.D. Cal. 2003). Given BANA's failure properly to respond and defend this suit,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:16-cv-04870-CAS(JCx) | Date | December 6, 2016 |
|---|---|---|---|
| Title | KEVIN A. FULTON v. BANK OF AMERICA N.A. ET AL. | | |

plaintiff would be prejudiced if denied a remedy against BANA. As a result, the first Eitel factor weighs in favor of the entry of default judgment.

### B.    Substantive Merits and Sufficiency of the Claim

Courts often consider the second and third Eitel factors together. See PepsiCo, 238 F. Supp. 2d at 1175; HTS, Inc. v. Boley, 954 F. Supp. 2d 927, 941 (D. Ariz. 2013). The second and third Eitel factors assess the substantive merit of the movant's claims and the sufficiency of its pleadings, which "require that a [movant] state a claim on which [it] may recover." PepsiCo, 238 F. Supp. 2d at 1177 (quotation marks omitted); see also Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978) (stating that the issue is whether the allegations in the pleading state a claim upon which plaintiff can recover).

The basis for plaintiff's claims first claim appears to be that plaintiff's mortgage was not properly securitized pursuant to the PSA. However, plaintiff lacks standing to challenge the process by which his mortgage was (or was not) securitized because he is not a party to the PSA. See In re Correia, 452 B.R. 319, 324 (B.A.P. 1st Cir. 2011) (holding that debtors, as non-parties to a PSA, lack standing to challenge a mortgage assignment based on non-compliance with the agreement). Bascos v. Federal Home Loan Mortgage Corpation, No. 2:11-cv-3968-JFW-JC, 2011 WL 3157063 (C.D. Cal. July 22, 2011), is particularly relevant. In Bascos, the plaintiff brought a declaratory relief claim, alleging that the defendants "did not have the right to foreclose and sell the Subject Property" because Freddie Mac had "securitized the loan without complying with its own securitization requirements." Id. at * 1, *4. The Bascos court concluded that the plaintiff "has no standing to challenge the validity of the securitization of the loan as he is not an investor of the loan trust." Id. at *6. Plaintiff in this case lacks standing for these same reasons; namely, he is not a party to the PSA. He therefore cannot bring a claim based on alleged deficiencies in the securitization process. See also Rodenhurst v. Bank of Am., 773 F. Supp. 2d 886, 899 (D. Haw. 2011) ("The overwhelming authority does not support a [claim] based upon improper securitization."); Greene v. Home Loan Servs., Inc., No. 0:09-cv-719-DWF-JJK, 2010 WL 3749243, *4 (D. Minn. Sept. 21, 2010) ("Plaintiffs do not have standing to bring their challenge regarding the securitization of the mortgage" because they were "not a party to the Pooling and Servicing Agreement"). Therefore, the Court concludes that plaintiff's claim for declaratory relief fails to state a claim on which relief may be granted.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:16-cv-04870-CAS(JCx) | Date | December 6, 2016 |
|---|---|---|---|
| Title | KEVIN A. FULTON v. BANK OF AMERICA N.A. ET AL. | | |

Plaintiff's second claim—that the Deed of Trust is void for fraud in the execution—also fails to state a claim on which relief may be granted. "When a plaintiff alleges fraud in the execution, the plaintiff is asserting that it was deceived as to the very nature of contract execution, and did not know what it was signing." Brown v. Wells Fargo Bank, 168 Cal. App. 4th 938, 958 (2008). "[A] contract fraudulently executed is void, because there never was an agreement." Id. In asserting a claim for fraud in the execution, a plaintiff must demonstrate reasonable reliance on the alleged fraudulent conduct. Rosenthal v. Great W. Fin. Sec. Corp., 14 Cal. 4th 394, 415 (1996). Here, the first alleged fraudulent conduct was AWL's alleged misrepresentation that it could conduct business in the state of California despite failing to register with the California Secretary of State. Compl. at 8, 24. Plaintiff has provided no factual basis for its allegation that AWL was not registered with the California Secretary of State at the time of the execution of the Deed of Trust. And, even if this Court accepts plaintiff's allegation that AWL was not registered at the time that it executed a Deed of Trust with plaintiff, plaintiff fails to allege why AWL's failure to register was so fundamental to the mortgage agreement that plaintiff did not understand the agreement's "very nature." Plaintiff also acknowledges that "reasonable reliance is a necessary element of fraud in the execution." Id. at 24–25. However, plaintiff has not alleged that he relied on AWL's allegedly fraudulent representation or that his reliance was reasonable. Similarly, plaintiff has provided no factual basis for its allegation that BANA misrepresented that it acquired plaintiff's loan from Countrywide. Thus, the Court finds that plaintiff has not provided a sufficient factual basis to plausibly demonstrate that the Deed of Trust is void for fraud in the execution.

Plaintiff's third and fourth claims rely on his Notice of Rescission and the TILA. However, under the TILA, a right of rescission does not attach to residential mortgage transactions. See 15 U.S.C. § 1635(e)(1); see Major v. Imortgage.com, Inc., No. 5:15-cv-02592-CAS-DTBx, 2016 WL 492740, *4 (C.D. Cal. Feb. 8, 2016) (citing Gonzalez v. GMAC Mortg. LLC, No. 2:10-cv-05021-DDP, 2010 WL 3245818, at *3 (C.D. Cal. Aug. 17, 2010) ("Plaintiffs allege that the loan at issue was used to finance the acquisition of their home. Accordingly, the Court concludes the that the mortgage transaction at issue in this case was a residential mortgage transaction within the meaning of 15 U.S.C. § 1602(w), and thus Plaintiffs have no right to rescind under TILA."). As a result, the Court concludes that plaintiff third and fourth claims fail to state a claim on which relief may be granted.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-04870-CAS(JCx) | Date | December 6, 2016 |
| Title | KEVIN A. FULTON v. BANK OF AMERICA N.A. ET AL. | | |

The Court therefore concludes that plaintiff does not state a claim against BANA on which he can recover. As a result, the second and third Eitel factors weigh against entry of a default judgment. See Eitel, 782 F.2d at 1472 (concluding that the district court did not abuse its discretion in denying the default judgment in part because the district court "had serious reservations about the merits of Eitel's substantive claim, based upon the pleadings").

### C. Sum of Money at Stake in the Action

Pursuant to the fourth Eitel factor, the Court balances "the amount of money at stake in relation to the seriousness of the [defaulting party's] conduct." PepsiCo, 238 F. Supp. 2d at 1176; see also Eitel, 782 F.2d at 1471–72. "This determination requires a comparison of the recovery sought and the nature of defendant's conduct to determine whether the remedy is appropriate." United States v. Broaster Kitchen, Inc., No. 2:14-cv-09421-MMM-PJW, 2015 WL 4545360, at *6 (C.D. Cal. May 27, 2015); see also Walters v. Statewide Concrete Barrier, Inc., No. 3:04-cv-02559-JSW, 2006 WL 2527776, *4 (N.D. Cal. Aug. 30, 2006) ("If the sum of money at issue is reasonably proportionate to the harm caused by the defendant's actions, then default judgment is warranted.").

Generally, where a plaintiff seeks non-monetary relief, courts have concluded that this counsels in favor of granting a default judgment. See, e.g., PepsiCo, 238 F. Supp.2d at 1177 ("Plaintiffs are not seeking monetary damages. They seek only injunctive relief from the continued use of their trademarks on Defendant's counterfeit products. Accordingly, this factor favors granting default judgment."); United States v. Torres, No. 2:12-cv-10530-SVW-MRW, 2013 WL 7137587, *5 (C.D. Cal. Apr. 17, 2013) (same); United States v. Brekke, No. 2:12-cv-0722-WBS-JFM, 2012 WL 2450718, *4 (E.D. Cal. June 26, 2012) (same).

Though plaintiff seeks non-monetary relief in the instant case, the relief sought—including a judicial declaration that the Deed of Trust is Void and title to the Subject Property is vested only in plaintiff—places at stake the value of the Subject Property. Comparing the recovery sought, i.e., the value of the Subject Property, with BANA's alleged conduct, the Court finds that the relief sought is not proportional to the alleged harm caused by BANA. See Bever v. Quality Loan Serv. Corporation, No. 1:16-cv-0079-AWI-BAM, 2016 WL 1267578, at *5 (E.D. Cal. Mar. 31, 2016) appeal docketed, No. 16-15797 (9th Cir. Apr. 29, 2016) ("Although Plaintiffs do not seek a large sum of money, granting Plaintiffs a judgment declaring that Defendants have no interest in the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL     'O'**

| Case No. | 2:16-cv-04870-CAS(JCx) | Date | December 6, 2016 |
|---|---|---|---|
| Title | KEVIN A. FULTON v. BANK OF AMERICA N.A. ET AL. | | |

property and not requiring Plaintiffs to make any further payments on the loan would result in a windfall.  Especially when viewed through the lens of the questionable merit of this action, the amount of money sought in this action is substantially disproportionate to the alleged misconduct.").

### D.     Possibility of Dispute

The fifth Eitel factor considers the possibility that material facts are disputed. PepsiCo, 238 F. Supp. 2d at 1177; see also Eitel, 782 F.2d at 1471–72. "Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages."  PepsiCo, 238 F. Supp. 2d at 1177.  As described above, plaintiff has not adequately pleaded his claims.  As a result, this factor is either neutral or disfavors default.  See Stuckey v. Lucas, No. 3:11-cv-05196-JCS, 2012 WL 5948959, at *4 (N.D. Cal. Sept. 12, 2012) (the "possibility of dispute" factor "does not weigh in either direction as Plaintiff fails to state any viable claim"), report and recommendation adopted, No. 3:11-cv-05196 SI, 2012 WL 5948232 (N.D. Cal. Nov. 27, 2012); Goldberg v. Cent. Credit Mgmt., Inc., No. 2:11-cv-00305-MMD, 2012 WL 6042194, at *5 (D. Nev. Dec. 3, 2012) ("[T]his factor disfavors default on the state law claims as Plaintiff has not adequately pled those causes of action.").

### E.     Possibility of Excusable Neglect

The sixth Eitel factor considers whether defendant's default may have been the product of excusable neglect.  PepsiCo, 238 F. Supp. 2d at 1177; see also Eitel, 782 F.2d at 1471–72.  The possibility of excusable neglect here is remote.  BANA was served on July 6, 2016.  Dkt. 6.  Since service, BANA has neither responded nor attempted to have its default set aside.  Where a defendant "[was] properly served with the Complaint, the notice of entry of default, as well as the papers in support of the instant motion," this factor favors entry of default judgment.  Shanghai Automation Instrument Co. Ltd. v. Kuei, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001).  Accordingly, this factor weighs in favor of entry of default judgment.[2]

---

[2] The Court notes that is the only time in the Court's experience presiding over cases in which BANA is a defendant that BANA has not responded to such a complaint, leading the Court to conclude that service may have been defective.  Notwithstanding the foregoing, because the majority of factors weigh against entry of default, the Court will not disturb the Clerk's default.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:16-cv-04870-CAS(JCx) | Date | December 6, 2016 |
|---|---|---|---|
| Title | KEVIN A. FULTON v. BANK OF AMERICA N.A. ET AL. | | |

### F.     Policy in Favor of Decisions on the Merits

Pursuant to the seventh Eitel factor, the Court takes into account the strong policy favoring decisions on the merits.  While "'this preference, standing alone, is not dispositive,'" PepsiCo, 238 F. Supp. 2d at 1177, "[c]ases should be decided upon their merits whenever reasonably possible."  Eitel, 782 F.2d at 1472.  Thus, the seventh Eitel factor weighs against entry of default judgment.

### G.     Conclusion Regarding the Eitel Factors

The Court concludes that plaintiff has failed to establish the merits of any alleged claim as would be required for entry of default judgment against BANA.  See Federal Nat. Mortg. Ass'n v. George, No. 5:14-cv-01679-VAP-SP, 2015 WL 4127958, *3 (C.D. Cal. July 7, 2015) ("The merits of the plaintiff's substantive claim and the sufficiency of the complaint are often treated by courts as the most important Eitel factors.") (citation omitted).  Moreover, only two of the seven Eitel factors weigh in favor of entry of default judgment.  The Court therefore **DENIES** plaintiff's motion for default judgment against BANA.

### V.     CONCLUSION

In accordance with the foregoing, the Court **DENIES** plaintiff's motion for default judgment against BANA.  The Court **DIRECTS** BANA to file a motion to set aside the Clerk's default, along with a proposed answer, within **thirty (30) days**.  Failure to do so will result in further action by the Court.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |

cc:   BANK OF AMERICA, N.A., as Successor in Interest to
       America's Wholesale Lender Its Successors and/or Assigns
       c/o CT Corporation – Authorized Agent For Service of Process
       818 West Seventh Street, Suite 930
       Los Angeles, CA  90017