UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:16-cv-04870-CAS-JC | Date | February 6, 2017 |
|---|---|---|---|
| Title | KEVIN A. FULTON v. BANK OF AMERICA N.A. ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants:
Not Present                        Not Present

**Proceedings:** (IN CHAMBERS) - DEFENDANT BANK OF AMERICA, N.A.'S MOTION TO SET ASIDE DEFAULT (Dkt. 24, filed January 5, 2017)

The Court finds this motion appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. Local Rule 7-15. Accordingly, the hearing date of February 13, 2017 is vacated, and the matter is hereby taken under submission.

## I.  INTRODUCTION & BACKGROUND

On July 7, 2016 plaintiff Kevin A. Fulton, proceeding *pro se*, filed the instant action against defendants Bank of America, N.A. ("BANA"), as successor in interest to America's Wholesale Lender, and Does 1–10 inclusive. Dkt. 1 ("Compl."). Plaintiff raises four claims: (1) declaratory relief, seeking a declaration that BANA and its successors and/or assigns do not have any rights or interest in plaintiff's Note or Deed of Trust, or the property which authorized them to enforce the terms of the Note and Deed of Trust; (2) the cancellation of the Deed of Trust, which plaintiff alleges is void for fraud in the execution; (3) failure to comply with plaintiff's notice to rescind in violation of 15 U.S.C. § 1601 et seq.; and (4) quiet title relating to violations of the Truth in Lending Act ("TILA"). Id.[1]

On August 11, 2016, plaintiff requested an entry of default against BANA. Dkt. 10. On July 18, 2016, the Clerk entered a default pursuant to Federal Rule of Civil Procedure 55(a). Dkt. 13. On August 25, 2016, plaintiff filed a motion for default judgment against BANA. Dkt. 14.

---

[1] The parties are familiar with plaintiff's allegations, which are set forth in greater detail in the Court's prior order dated December 6, 2016. See dkt. 22.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  **'O'**

| Case No. | 2:16-cv-04870-CAS-JC | Date | February 6, 2017 |
|---|---|---|---|
| Title | KEVIN A. FULTON v. BANK OF AMERICA N.A. ET AL. | | |

On December 6, 2016, the Court denied plaintiff's motion for a default judgment because plaintiff "failed to establish the merits of any alleged claim as would be required for entry of default judgment against BANA." Dkt. 22 at 9. The Court directed BANA to file a motion to set aside the default, along with a proposed answer, within 30 days. Id.

On January 5, 2017, BANA filed a motion to set aside the default. Dkt. 24. To date, BANA's motion is unopposed.

## II.  LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 55(c), a court may set aside an entry of default "for good cause." The Court considers three elements when evaluating whether "good cause" exists: (1) whether defendant's culpable conduct led to the default, (2) whether defendant has a meritorious defense, and (3) whether reopening the default judgment would prejudice plaintiff. TCI Grp. Life Insurance Plan v. Knoebber, 244 F.3d 691, 696 (9th Cir. 2000) (noting that courts use the same factors to assess "good cause" under Fed. R. Civ. P. 55(c) as for reviewing default judgments under Fed. R. Civ. P. 60(b)), overruled on other grounds by Egelhoff v. Egelhoff Ex rel. Breiner, 532 U.S. 141, 147 (2001). As a general rule, cases should be decided on the merits as opposed to by default, and therefore "any doubts as to the propriety of a default are usually resolved against the party seeking a default judgment." James M. Wagstaffe, Federal Civil Procedure Before Trial § 6-A (citing Pena v. Seguros La Comercial, S.A., 770 F.2d 811, 814 (9th Cir. 1985)). As such, the Court has broad discretion to overturn an entry of default. Mendoza v. Wight Vineyard Management, 783 F.2d 941, 945–46 (9th Cir. 1986). This discretion is "more liberally applied" where a defendant seeks to set aside an entry of default pursuant to Rule 55(c) rather than a default judgment pursuant to Rule 60(b). United States v. Signed Pers. Check No. 730 of Yubran S. Mesle, 615 F.3d 1085, 1091, n.1 (9th Cir. 2010). Moreover, the rules governing motions to set aside defaults "are solicitous towards movants, especially those whose actions leading to the default were taken without the benefit of legal representation." Id. at 1089. Nonetheless, the defaulting party carries the burden to demonstrate that the default should be set aside. TCI Grp. Life Ins. Plan, 244 F.3d at 696.

## III.  DISCUSSION

First, it appears that the default was not the result of BANA's culpable conduct. A movant's conduct is culpable if he or she acted with bad faith, such as an "intention to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 2:16-cv-04870-CAS-JC | Date | February 6, 2017 |
|---|---|---|---|
| Title | KEVIN A. FULTON v. BANK OF AMERICA N.A. ET AL. | | |

take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process." TCI Grp. Life Ins. Plan, 244 F.3d at 697. However, where a defendant presents a "good faith explanation," failure to respond does not, on its own, amount to culpable conduct. Id. BANA has submitted a declaration from Brian Hickman, a Representation Services Advisor for CT Corporation ("CT"), BANA's authorized agent for service of process. Dkt. 25 ("Hickman Decl."). Hickman states that he has searched CT's business records and determined that CT was not served with a summons. Id. ¶ 6. As a result, CT never notified BANA of any service by plaintiff. Id. Furthermore, Hickman states that his search of the CT database for documents received by CT containing the terms "Kevin" and "Fulton" returned only one result – this Court's December 6, 2016 order denying plaintiff's motion for a default judgment. Id. ¶ 7. The Court's order was sent to CT by mail by the Clerk of the Court. See Hickman Decl. Ex. B. Because it appears that CT was not served with the summons or complaint, the Court finds that BANA's failure to respond did not evidence any intent to take advantage of plaintiff or to otherwise manipulate the legal process. The Court thus concludes that BANA did not act culpably.

      Second, the Court has already found, in its order denying of plaintiff's motion for a default judgment, that BANA has meritorious defenses to plaintiff's claims. See dkt. 22 at 5–7.

      Finally, the Court cannot discern any reason why vacating the default would prejudice plaintiff. "To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case. Rather, 'the standard is whether [plaintiff's] ability to pursue his claim will be hindered.'" TCI Grp. Life Ins. Plan, 244 F.3d at 701 (quoting Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984)). Examples of tangible harm to a non-movant include loss of evidence or heightened discovery burdens. Id. (citing Thompson v. American Home Assurance Co., 95 F.3d 429, 433–34 (6th Cir. 1996)). No such hardship exists here. Plaintiff is not prejudiced simply because he is deprived of a "quick victory" and must litigate his claims on the merits. Bateman v. United States Postal Service, 231 F.3d 1220, 1225 (9th Cir. 2000). Nothing suggests that plaintiff's pursuit of this action will be hindered or prejudicially delayed should the Court set aside the default.

      Accordingly, in light of the principle that cases should be decided on their merits, the Court finds that BANA has satisfied all three of the elements required to set aside the default.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:16-cv-04870-CAS-JC | Date | February 6, 2017 |
|---|---|---|---|
| Title | KEVIN A. FULTON v. BANK OF AMERICA N.A. ET AL. | | |

## IV.  CONCLUSION

In accordance with the foregoing, the Court **VACATES** the default entered against BANA and directs BANA to file responsive pleadings forthwith.

IT IS SO ORDERED.

                                                    00  :  00
                              Initials of Preparer      CMJ